**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| SIMEON KIRK-YOUNG | ) | |
| 2587 Lafeuille Ave. #21 | ) | |
| Cincinnati, Ohio 45211 | ) | |
| | ) | |
| Plaintiff | ) | Case No |
| | ) | |
| v. | ) | |
| | ) | CIVIL COMPLAINT |
| GC SERVICES, LP, | ) | (Unlawful Debt Collection Practices) |
| 6330 Gulfton | ) | |
| Houston, Texas 77081 | ) | |
| | ) | |
| Defendant. | ) | |

**COMPLAINT**

SIMEON KIRK-YOUNG ("Plaintiff"), by his attorneys, KROHN & MOSS, LTD., alleges the following against GC SERVICES, LP ("Defendant"):

**INTRODUCTION**

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. 1692 *et seq*. ("FDCPA").

**JURISDICTION AND VENUE**

2. Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. 1367 grants this court supplemental jurisdiction over the state claims contained therein.

3. Defendant conducts business in the State of Ohio establishing personal jurisdiction.

4. Venue is proper pursuant to 28 U.S.C. 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person who resides in Cincinnati, Hamilton County, Ohio and is allegedly obligated to pay a debt, and Plaintiff is a "consumer" as that term is defined by 15 U.S.C. 1692a(3).

6. Pursuant to the definitions outlined in 15 U.S.C. 1692a(1-6), Defendant is a debt collector and sought to collect a consumer debt from Plaintiff which was allegedly due and owing from Plaintiff, and Plaintiff is a consumer debtor.

7. Defendant is a business entity with an office located at 6330 Gulfton St., Houston, Texas.

8. Defendant uses instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

9. Defendant is a collection agency that in the ordinary course of business, regularly, on behalf of itself or others, engages in debt collection.

## FACTUAL ALLEGATIONS

10. Defendant contacts Plaintiff in connection with its attempts to collect a debt resulting from student loans that were extended to Plaintiff.

11. Defendant's collection attempts include, but are not limited to, placing telephone calls to Plaintiff.

12. Defendant's telephone calls are placed to Plaintiff on his cellular telephone at telephone number xxx-xxx-3052.

13. Around the end of September or beginning of October, Plaintiff first spoke to

Defendant however the call was disconnected causing Defendant to continue to call Plaintiff on multiple occasions afterwards.

14. Plaintiff was unable to answer Defendant's calls which caused Defendant to leave voicemails for Plaintiff.  *See* transcribed voicemails, attached hereto as Exhibit A.

15. Defendant's collector identified himself personally and instructed Plaintiff to call 800-504-0227.  *See* Exhibit A.

16. However, at no point did Defendant's collector identify Defendant's company name or state that it was a debt collector.  *See* Exhibit A.

17. Defendant did not make any representation again failed to identify its business name or state that it was a debt collector.  *See* Exhibit A.

18. Defendant is using deceptive and misleading means in connection with its attempts to collect the debt by not identifying the purpose and/or nature of its phone calls, that it is attempting to collect a debt, so that Plaintiff will call Defendant without knowing the true reason for the call.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

19. Defendant violated the FDCPA based on the following:

   a. Defendant violated §1692d of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

   b. Defendant violated §1692d(6) of the FDCPA by placing telephone calls to Plaintiff without providing meaningful disclosure of its identity.

   c. Defendant violated §1692e(10) of the FDCPA by using deceptive means to attempt to collect a debt.

3

   d. Defendant violated §1692e(11) of the FDCPA by failing to disclose in its messages that it is a debt collector.

WHEREFORE, Plaintiff, SIMEON KIRK-YOUNG respectfully requests judgment be entered against Defendant, GC SERVICES, LP for the following:

20. Statutory damages of $1000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k,

21. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k

22. Any other relief that this Honorable Court deems appropriate.

              RESPECTFULLY SUBMITTED,

              /s/ David Tannehill____
              David Tannehill
              Ohio Registration No. 0083968
              Krohn & Moss, Ltd.
              8043 Corporate Circle, Suite 3
              North Royalton, Ohio 44133
              phone: (216) 901-0609 x 203
              fax: (866) 425-3459
              dtannehill@consumerlawcenter.com